## STATE *v*. LONDON.

(192 Pac. 489.)

**Criminal Law—Bystanders, Making Bill of Exceptions, must be Certified to be Disinterested.**

1. A bill of exceptions on affidavits as to disputed occurrences by bystanders, who by provision of Section 170, L. O. L., must be certified by the clerk to be respectable and disinterested, cannot be considered; the affidavit being merely that the persons are reputable.

From Crook: T. E. J. DUFFY, Judge.

In Banc.

George B. London was convicted, and appealed. Hearing on motion to strike bill of exceptions.
                              MOTION ALLOWED.

*Mr. Willard H. Wirtz*, District Attorney, for the motion.

*Mr. W. P. Myers* and *Mr. C. T. Terril, contra.*

BENSON, J.—The respondent has filed a motion to strike from the record appellant's bill of exceptions—

"For the reason that same has not been settled nor determined in the manner provided by law, and is in nowise a bill of exceptions such as will comply with the law and the rules of this court."

The bill of exceptions is sought to be presented under the provisions of Section 170, L. O. L., for the reason that no stenographic or other written record of the testimony was made at the trial, and no record was then made of any objections to the admission of evidence, or exceptions to the rulings of the court thereon, and nearly three months later, when the bill of exceptions, supported by the affidavits of the attorney for defendant and two other persons, was presented to the judge of the trial court for settlement, he appended thereto his certificate as follows:

"State of Oregon,

"County of Crook,—ss.

"I, T. E. J. Duffy, Circuit Judge before whom the above proceedings were had and tried, do hereby certify that I have examined the affidavits of M. E. Brink, Nettie C. Jones and R. E. Jones, and each of them, and the complaint signed by John Combs, private prosecutor, together with the proposed bill of exceptions based thereon, prepared and submitted to me, by W. P. Myers, attorney for appellant George B. London; and I further certify that respondent State of Oregon, has been duly served with a copy of the proposed bill of exceptions and notice of the presentation thereof for settlement, as shown by the acceptance of service of same by Willard H. Wirtz, District Attorney for Crook County, Oregon, and I further certify that the proposed bill of exceptions has been presented within the time allowed by law and by order of this court. I further certify that defendant did not desire or request that stenographic notes of the testimony be made, and that no stenographic or other notes of the testimony were made during said trial, or at any time, or at all, and

that appellant having heretofore filed his motion for time in which to prepare and present affidavits, which said motion was allowed, and service of said motion made on the said district attorney, and that the same was made and served within the time allowed by the court, and that thereafter the said affidavit of M. E. Brink, attorney for defendant in the trial of said case, and the affidavit of Nettie C. Jones and the affidavit of R. E. Jones were taken, served and filed in said case within the time allowed by the court, that said affidavits and each of them purport to set out certain testimony, objections to the admission thereof, and the saving of certain exceptions, to all of which I hereby certify that I have no definite recollection of the testimony actually given, nor do I have any definite recollection as to whether the objections were made, or whether the exceptions stated in the proposed bill of exceptions were asked and allowed at the trial of said case; that I did not make any minutes in the trial of said case, nor was any exception to any ruling delivered to me in writing or at all by counsel for defendant during said trial, or at any time, or at all; that I do now hereby settle and allow the above and foregoing proposed bill of exceptions as and for the bill of exceptions of appellant, George B. London, except as to the affidavits of M. E. Brink, Nettie C. Jones and R. E. Jones, because as to them, and the statements contained therein, I have no definite recollection of the truth thereof upon which to base a certificate. That said affidavits were filed herein by counsel for appellant pursuant to Section 170, L. O. L., as part of the record in this appeal.

"Given under my hand this 19th day of June, 1920.
"T. E. J. DUFFY,
"Circuit Judge."

It will be observed that this certificate does not authenticate the facts narrated in the affidavits, and these facts are the only ones upon which assignments of error are based, except as to the sufficiency of the

complaint, which does not require a bill of exceptions for its presentation.

Section 170, L. O. L., requires that such affidavits shall be taken by the clerk of the court, "who must certify thereon, if he is satisfied of the fact, that the person is respectable and disinterested." The three affidavits in this case were taken by the clerk of the court, whose certificates read thus:

"I, A. W. Battles, county clerk of Crook County, Oregon, hereby certify that M. E. Brink is a reputable citizen of Crook County, Oregon.

"I, A. W. Battles, county clerk of Crook County, State of Oregon, hereby certify that Nettie C. Jones is a reputable citizen of Crook County, Oregon.

"I, A. W. Battles, county clerk of Crook County, State of Oregon, hereby certify that R. E. Jones is a reputable citizen of the State of Oregon."

None of these certificates contain any statement to the effect that the affiant is a *disinterested* person, and, under the requirements of the statute, no matter how respectable they may be, their affidavits cannot be considered in a matter of this kind, unless they are also disinterested. In *Fitzhugh* v. *Nirschl*, 77 Or. 514 (151 Pac. 735), this court, speaking by Mr. Justice McBride, says:

"The statute requiring the affidavits to be taken before the clerk and his certificate to be attached thereto is mandatory. It is the only means by which the appellate court can appraise the character of the witnesses, and a disregard of this provision is fatal to this assignment of error."

In that case, the serious question was regarding the affiant's *interest* in the matter.

No good purpose could be served by reserving our ruling upon this motion until the hearing upon the

merits, since the only question which the record presents in a manner which can be considered by this court is as to whether or not the complaint states facts sufficient to constitute a crime, and that question does not require a bill of exceptions.

The motion will therefore be allowed.

MOTION ALLOWED.